# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                    No. 1:17-cr-01235-WPJ

DANIELLE GALLOWAY, *et al.*,

    Defendants.

## ORDER DENYING DANIELLE GALLOWAY'S APPEAL OF DETENTION ORDER

THIS MATTER is before the Court on Danielle Galloway's Appeal of Detention Order, filed November 21, 2017 (**Doc. 109**). This is Defendant's second appeal of her detention order. Defendant received a detention hearing before Magistrate Judge Khalsa on May 19, 2017. *See* **Doc. 39.** Defendant then appealed that order, and the Court held another evidentiary hearing on June 9, 2017. The Court found that the Government established, by clear and convincing evidence, that Defendant poses a danger to the community, and that the Government established, by a preponderance of the evidence, that no conditions of release would assure Defendant's appearance. The Court therefore denied the appeal. *See* **Doc. 66.** Defendant did not appeal to the Tenth Circuit.

In the instant Motion, Defendant joins Cornelius Galloway's Notice of Appeal of his Detention Order (**Doc. 108**) and incorporates the relevant legal and factual arguments therein. The Court denied Cornelius Galloway's Appeal of Detention Order on March 12, 2018. *See* **Doc. 178**. Defendant argues that she should be released based on the apparently new evidence contained in Cornelius Galloway's Notice of Appeal. Defendant stated that her father, a retired

law enforcement officer, was willing to be her third-party custodian. Defendant also argues that she should also be released because of alleged discovery violations by the Government, but does not give the legal basis for why the Court should revoke her detention order based on these alleged violations.

Defendant argues that the Court should hold a hearing on her second appeal of her detention order. Initially, the Court notes that Defendant did not identify what evidence was new, or not considered at the two previous hearings. She also did not identify how that evidence would change the analysis under 18 U.S.C. § 3142(g).

Here, this matter is before the Court pursuant to 18 U.S.C. § 3145(b). *See United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003). The Court has discretion whether to hold a second hearing to determine whether to revoke Defendant's detention order. *See, e.g., United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990) ("It should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate."). Since Defendant has not identified the new evidence, or state how this evidence would change the analysis, the Court declines to exercise its discretion to hold another hearing pursuant to § 3145.

Moreover, based on the proffer that was stated in Cornelius Galloway's Supplemental Brief, **Doc. 158**, the Court concludes that this new evidence would not likely change the outcome. The evidence as proffered by Cornelius Galloway focuses on his alleged involvement in the murders of D.Y. and T.S., and is tangential to sex trafficking crimes in this case. When

applied to the Defendant's circumstances under the relevant § 3142(g) factors, the Court does not believe that evidence would change the analysis.

The Court has reviewed the transcripts of the two prior detention hearings, the Pretrial Services report, and the relevant briefing. For the reasons stated above and on the record at the two previous detention hearings, Defendant's motion is **DENIED.** The Defendant shall remain in the custody of the United States Marshal pending trial or further order of the Court. Defendant may revisit the appeal of the detention order pending resolution of the alleged discovery violations.

    **IT IS SO ORDERED**.

                                                      WILLIAM P. JOHNSON
                                                      CHIEF UNITED STATES DISTRICT JUDGE