# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                             No. 1:17-cr-01235-WJ

CORNELIUS GALLOWAY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER DEFERRING RULING ON DEFENDANTS' JOINT MOTION TO COMPEL DISCOVERY (DOC. 107)
## and
## ORDER ON DISCOVERY MANAGEMENT AND FORMATTING ISSUES

THIS MATTER comes before the Court upon a hearing on Defendants' Joint Motion to Compel Government to Produce Rule 16 and *Brady-Giglio* Materials, filed November 21, 2017 (**Doc. 107**).[1] In this motion, Defendants seek numerous categories of discovery material under Fed.R.Crim.P. 16(a)(1)(A) and (E); *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. U.S.,* 405 U.S. 150, 153 (1972); and 18 U.S.C. §3500(a) (the Jencks Act). At the hearing, the Court first took up the issue raised by Defendants that they received discovery materials from the Government that was produced in an unworkable format. Because a resolution of this issue will have a bearing on what discovery remains unproduced by the Government, the Court defers ruling on the motion itself, and instead the Court addresses the proposed resolutions to the discovery formatting problems.

At the hearing, Defendants took issue with the manner in which discovery has been produced by the Government, including but not limited to the following: (1) PDF documents that are thousands of pages long and which contain numbers of individual documents that are not

---

[1] Defendants Taylor, Wood and Brown also join in the motion.

identified or indexed; (2) documents that are unsearchable because of the format in which they have been produced; (3) Bates-stamp issues which include stamping that is superimposed on the text of the document, duplicate Bates numbers on different documents, and thousands of pages without any Bates numbers at all; (4) cell phone extractions which contain non-working hyperlinks and lacking any identification as to whom the cell phone numbers belong to.

Defendants contend that the discovery format renders much of the material unusable and that they do not have the resources or ability to correct the deficiencies in the formatting. However, the counsel for the Government explained that the discovery was produced in exactly the same format in which it was received from the agency source—in this case from either the Albuquerque Police Department or Homeland Security Investigations, and so the Government is also faced with finding ways to organize this material and making it more usable. The Government also stated that it was not aware of the Bates stamping problems or the dysfunctional hyperlinks until this hearing, and assured the Court that it would do what it can to remedy these specific issues.

The Court explored various options available to the parties in order to resolve these discovery issues. The Court made the following findings at the hearing, inter alia:

(1) The Government will check on the formatting of the cell phone extractions to ensure that Defendant received the same material that should have functioning hyperlinks;

(2) The Government will revisit the Bates stamping issues, which should be resolved using the software designed for that purpose;

(3) If the Government comes across a method of formatting which provide an ability to make sense of, or to organize discovery material that it may intend to use, it must disclose such a method or ability to Defendant. On the other hand, the Government need not organize for

Defendant any material it has disclosed to Defendant which it does not intend to use and which was produced to Defendant in the format in which it was received.

(4) The Government is not obliged to turn over to Defendants any indexing that is done on discovery materials which may be related to work product, mental impressions or trial strategy. However, the Government has the duty to disclose indexes that are prepared by the Government which have the sole purpose of making sense of the material produced by the source agencies.

(5) The Court also noted on the record that to the extent Defendants requested Jencks Act material, such material would not be discoverable and would not be available to them until much closer to trial, in light of the language in that statute, 18 U.S.C. §3500(a). The Court also does not intend to look over the Government's shoulder in order to ensure that *Brady-Giglio* material is properly disclosed throughout this litigation, as the Government is aware of those obligations and the consequences of a failure to comply in that regard.

(6) During a break in the hearing, the Court contacted Ms. Cari Waters, the Case Budgeting Attorney for the federal district courts in the Tenth Circuit. The Court will provide Ms. Waters with certain case information, including the two members of the defense team, Mr. John Robbenhaar and Mr. Ryan Villa, who appear to be handling (at least initially) the discovery formatting matter. It is hoped that Ms. Waters will come up with a solution for the discovery management problems in this case.

(7) Finally, the Court noted that the global issues hindering discovery management will most likely have a bearing on some of the individual categories on which discovery is sought in Defendants' motion, and so the Court will defer further discussion of those substantive discovery matters pending some kind of resolution on the management issues.

**THEREFORE,**

**IT IS ORDERED** that:

(1) The Court will defer further attention to Defendant's Motion to Compel (Doc. 188) until discovery management issues are resolved so that it becomes clear what discovery has in fact been produced;

(2) The Court will hold a telephonic status conference on **Thursday, April 12, 2018 at 1:30 p.m.**, to be noticed separately, in order to determine what measures have been taken or will be taken to address the discovery management/formatting issues, and also to determine what specific discovery categories remain to be addressed at a future hearing.

_____
CHIEF UNITED STATES DISTRICT JUDGE