IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                         No. 1:17-cr-01235-WJ

CORNELIUS GALLOWAY, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO EXCLUDE GOVERNMENT'S EXPERT WITNESSES
## and
## ORDER FOR PARTIES TO SUBMIT DRAFT AMENDED SCHEDULING ORDER

THIS MATTER comes before the Court upon a Motion to Exclude Government's Expert Witnesses, filed on March 1, 2018 by Defendants Danielle and Cornelius Galloway, and Defendants Marcus Taylor and Matthew Woods. **Doc. 173.**[1] Defendants in this case are charged with crimes related to alleged involvement in a commercial sex trafficking ring referred to by the Government as the "Galloway Organization." Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well taken in that the Government shall provide additional information as to certain witnesses, but that the motion is otherwise denied; and that the parties shall submit to the Court an amended scheduling order.

## BACKGROUND

Under the Court's Scheduling Order, the deadline for the Government to provide Defendants with expert notices and reports was October 31, 2017. Doc. 65. On that date, the Government provided notice of two expert witnesses: Jay Stuart and Albuquerque Police

---

[1] The motion is actually self-styled as Defendants' Joint Response to the United States Notice of Intent to Call Expert Witnesses (Doc. 97) (Doc. 98)(Doc. 136) and Motion to Exclude Government's Expert Witnesses.

Department ("APD") Sergeant Matthew Vollmer (Docs. 97 and 98). Two months after the deadline, the Government filed a Third Notice of Intent to Call Expert Witnesses, *see* Doc. 136, naming the additional six experts falling into the following four expert categories: (1) Human Trafficking Expert, Kim Mehlman-Orozco, (2) Rape Trauma Relationship Violence, and Neurobiology of Trauma Expert, Ann Wolbert Burgess, (3) Forensic Pathology Experts Lauren Decker, M.D., Lauren Dvorscak, M.D., and/or Heather Jarrell, M.D., and (4) Sexual Assault Nurse Examination Expert, Sherrie A. Cordova.

## DISCUSSION

In this motion, Defendants seek to exclude six witnesses identified as expert witnesses by the Government on grounds of insufficient information under 16(a)(1)(G) and timeliness. They request that the Court impose sanctions on the Governnment for failure to comply with Rule 16's requirements. *Sandoval,* 680 F. App'x at 716 (citing *U.S. v. Richter,* 796 F.3d 1173, 1195 (10th Cir. 2015) (failure to comply with a Rule 16 request could subject the government to sanctions, including exclusion of the expert testimony).

**I.     Rule 16 Disclosure**

Under Rule 16(a)(1)(G),

> At the Defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.

Fed.R.Crim.Rule 16(a)(1)(G). The written summary of any testimony must include and describe (1) the witness's opinions, (2) the bases and reason for their opinions, and (3) the witness's qualifications. Fed. R. Crim. Pro. 16(a)(1)(G), see also *U.S. v. Sandoval*, 680 Fed. Appx. 713, 716 (10th Cir. 2017) (Rule 16's disclosure requirements ensures that an opposing party will have time to adequately prepare for trial and for an effective cross-

examination challenging the experts' qualifications and conclusions or obtaining a competing expert." *Id.*

Defendants claim that the Government's disclosure information falls short of Rule 16's requirements because it provides the topic for which the proposed expert will testify and only vague and unsupported statements regarding what the Government anticipates the expert's testimony will include. Defendant points out that the disclosure fails to include the expert's opinions, the bases and reasons for their opinions, and in some cases, the witnesses' qualifications and as a result of the inadequacy of the Government's notice, Defendants are unable to mount *Daubert* challenges to some of these experts.

The Government claims that there has been no Rule 16 violation because none of the Defendants have ever formally requested a written summary of expert reports, and under Rule 16, the Government has no duty to provide Defendants with such disclosures until they so request. *United States v. Garza*, 566 F.3d 1194, 1200 (10th Cir. 2009) (government must disclose the experts that it intends to call at trial *if the defendant requests their disclosure*) (emphasis in the original). However, as Defendants point, this Court has already ordered the government to disclose written summaries of expert witnesses in this case and so the Government cannot rely on Defendants' failure to request such information to avoid providing it to Defendants. *See, e.g.,* Docs. 26, 31, 42, 74 and 147. The Government further contends that it has nevertheless complied with the rule's requirements for disclosure of written summaries, including the witness's opinion and the bases and reasons for those opinions as well as the witness's qualifications. It seems that the Government has made additional disclosures since the filing of the motion (such as Mr. Stuart's report) —but in the Reply, Defendants contend that

some of the witnesses' opinions and bases and reasons for the opinions have *still* not been provided, giving as examples the Notices for Kim Mehlman-Orozco and Dr. Worbert Burgess.

The Court has reviewed the Notices provided by the Government and finds that some of the Notices may be lacking in certain information, but not close to the extent Defendants claim. To begin with, Rule 16 of the Federal Rules of Criminal Procedure requires "a written summary of any testimony" an expert witness will give, which includes only a description of the witness's opinions and the reasons for those opinions. *See U.S. v. Nacchio,* 519 F.3d 1140, 1151 (10th Cir. 2008), *vacated in part on reh'g en banc,* 555 F.3d 1234 (10th Cir. 2009).[2] Defendants are entitled to nothing more under the federal criminal rules. Thus, defense counsel's claim that deficiencies in these Notices prevent them from launching *Daubert* challenges are misplaced in a Rule 16 context:

> Rule 16 is designed to give opposing counsel notice that expert testimony will be presented, permitting "more complete pretrial preparation" by the opposing side, Fed.R.Crim.P. 16, 1993 Advisory Comm.'s Notes, such as lining up an opposing expert, preparing for cross-examination, or challenging admissibility on *Daubert* or other grounds. Rule 16 disclosure is not designed to allow the district court to move immediately to a *Daubert* determination without briefs, a hearing, or other appropriate means of testing the proposed expert's methodology. *See* Margaret A. Berger, *Procedural Paradigms for Applying the* Daubert *Test,* 78 Minn. L.Rev. 1345, 1360 (1994)( "Although the summary required by Rule 16 provides the defense with some notice, the requirement of setting forth 'the bases and reasons for' the witnesses' opinions does not track the methodological factors set forth by the *Daubert* Court."). Indeed, a Rule 16 disclosure need not be filed with the court, but only with opposing counsel, which makes clear that it is not intended to serve as the basis for a judicial determination regarding admissibility.

*Nacchio*, 519 F.3d at 1151 (10th Cir. 2008) (district court was incorrect in believing that Rule 16 required discussion of a witness' methodology and erred in excluding expert evidence on that ground). The Court points out here, as the Tenth Circuit did in *Nacchio,* that there may be some confusion between the civil and criminal rules, where the requirements of the latter are less

---

[2] Defense counsel states that because the Government has provided them with CV's for each witness, they will not raise issues regarding expert qualifications for purposes of this motion. Doc. 186 at 3, n.1.

broad. With this as background, the Court next examines the Notices which Defendants claim are deficient under Rule 16.

    A.    <u>Jay Stuart</u> (First Notice, Docs. 97):

Defendant claims that the Government has not provided a summary of Mr. Stuart's testimony (reports contain highly technical tests and analysis) has been given. The Notice states that Mr. Stuart "will testify as to the results of ballistics analysis on ammunition and firearms recovered during two homicide investigations." Doc. 97. Two ballistic reports are included as exhibits. The Court agrees with Defendants that this disclosure falls short of Rule 16's expert witness disclosure requirements. While the Notice informs what subject areas will be covered by Mr. Stuart's testimony, there is no way to infer from the Notice exactly what Mr. Stuart's opinion will be, and Defendants are entitled to such information. The Government is therefore ordered to provide this information.

    B.    <u>APD Sergeant Matthew Vollmer</u> (Second Notice, Doc. 98)

Defendants claim that the Notice fails to provide how Vollmer's training and experience produced an opinion regarding human trafficker's use of threats, violence, and narcotics to control alleged victims and the commercial aspects of human trafficking, and also omits the bases and reasons for that opinion.

    The Notice states that:

> Sergeant Vollmer will testify, based on his training and experience, that human traffickers use threats, violence and narcotics to control their victims. Sergeant Vollmer will testify that human traffickers consider their victims to be property whom they use for profit. Unlike contraband, a woman can be sold by a trafficker many times. Sergeant Vollmer will testify that traffickers will go to any length to keep their victims including murder. He will also testify that human traffickers try to use multiple victims to increase their profit.

5

Doc. 98. The Government states that it does not concede this is expert testimony but is testimony based on Det. Vollmer's personal knowledge and experience.[3] In an apparent abundance of caution, the Government states that it provided the Notice to Defendants "so that the Defendant may argue that it is expert testimony and challenge it as such." The Court here makes no finding as to whether this testimony qualifies as expert testimony under Fed.R.Evid. 702 or constitutes lay witness testimony under Rule 701(a) but instead makes a determination here only as to whether the Notice satisfies requirements under Rule 16(a)(1)(G) for expert witness disclosure. The Court finds that it does. Det. Vollmer's "opinions" are clearly enunciated in the Notice. *Cmp. Nacchio,* 519 F.3d at 1151 (defendant's disclosure "did exactly what the law required" where it listed the witness' opinions on several topics, including whether Mr. Nacchio's trading pattern was suspicious, how Qwest stock prices related to the September 2000 guidance, and the magnitude and importance of the information Qwest had about its IRU revenue"). *Id.*

The Notice also states the bases and reasons underlying Det. Vollmer's testimony: his personal knowledge and experience. Defendants claim they are entitled to know *how* Det. Vollmer's witness' training and experience produced an opinion regarding human trafficker's use of threats. However, because Det. Vollmer's testimony is not based on a scientific or technical methodology, it is unclear what Defendants are requesting and the Court finds the information in the Notice to be sufficient under Rule 16. *Cmp. United States v. Lipscomb*, 539 F.3d 32, 38 (1st Cir. 2008) (where defendant had full notice of testimony detectives would be giving, there was no basis to defendant's criticism of the bases for those opinions since the testimony would be based on knowledge gained from years of experience and training).

---

[3] Det. Vollmer has not produced a report. *See* Doc. 98 at 1.

C. Kim Mehlman-Orozco, Ann Wolbert Burgess, Lauren Decker, M.D., Lauren Dvorscak, M.D., and/or Heather Jarrell, M.D., & Sherrie A. Cordova (Third Notice, Doc. 136).

Defendants contend that the Notice for these witnesses does not provide either their opinions or the bases for those opinions. Also, regarding the forensic pathology experts (Decker, Dvorscak and/or Jarrell), Defendants are expecting a greater level of disclosure because these opinions are anticipated to be highly technical and scientific. *See United States v. Goxcon-Chagal*, 886 F. Supp. 2d 1222, 1254(D.N.M. 2012) (noting that testimony regarding complex scientific or technical areas may require greater disclosures) (citing *U.S. v. Jackson,* 51 F.3d 646, 651 (7th Cir. 1995)).

*(1) Kim Mehlman-Orozco*—Human Trafficking Expert.
The Notice states that:

Dr. Mehlman-Orozco "will testify at trial primarily regarding the clandestine nature of human trafficking crimes, and the trauma bond that exists between victims and offenders. She will also provide expert opinion testimony regarding the impact on victims of human trafficking, and the complex reactions of such victims due to the trauma bonding with their offender. Such expertise is derived from Dr. Mehlman-Orozco's education, training, and professional experience, and will assist the jury in understanding the issues associated with human trafficking and victims of human trafficking.

Doc. 136 at 1-2. The Court finds that this Notice provides defense counsel with information regarding the nature of this witness' opinions to satisfy Rule 16's requirements and the basis for those opinions, which is Dr. Mehlman-Orozco's education, training, and professional experience.

*(2) Ann Wolbert Burgess*—Rape Trauma Expert.

The Notice states that:

Dr. Burgess will testify regarding her expertise in the areas of children who are exploited through sex rings, female juvenile prostitution, coping behavior of the rape victim, post-traumatic stress and rape trauma, and delayed reporting. Expert testimony in these areas derived from Dr. Burgess' education, training, and professional experience.

Doc. 136 at 2. The Court finds that the subject areas on which Dr. Burgess will testify are specific enough to provide sufficient notice to Defendants under Rule 16 and to accomplish the stated purpose of assisting the jury "in understanding the issues associated with human trafficking, and victims of human trafficking." *Id.*

*(3-5) Lauren Decker, M.D., Lauren Dvorscak, M.D., and/or Heather Jarrell, M.D.*

Dr. Decker conducted the autopsy of deceased individual T.S. related to this case; Dr. Jarrell supervised this autopsy; and Dr. Dvorscak conducted the autopsy of deceased individual D.Y. The Notice states that these individuals "are expected to testify as to the cause and manner of death of the deceased individuals, and to the relevant findings during the autopsies." Doc. 136 at 2. This information is sufficient for Rule 16 purposes. There is no requirement under the rule that these witnesses include their relevant findings in a Rule 16 notice, since it is not meant to be a substitute for an expert report.

*(6) Sherrie Cordova*

Ms. Cordova conducted the Sexual Assault Nurse Examination (SANE) on victim Jane Doe. The Government notes that it is still waiting for receipt of the Sexual Assault Nurse Examination, and that it expects this witness to give her opinion "based on her relevant findings." Doc. 136 at 3. The information in the Notice is sketchy; it does not provide Defendants with any direction or indication of exactly what Ms. Cordova's opinion might be. However, it may be difficult for the Government to be more specific about Ms. Cordova's opinion without having received the report. The Government is therefore ordered to supplement the Notice with more specific information as to the nature of Ms. Cordova's opinions on receipt of the report.

Based on the above discussion the, the Government shall: (1) provide Defendants with additional information regarding the nature of Mr. Stuart's opinion is expected to be; and (2) additional information as to the nature of Ms. Cordova's opinions on receipt of the SANE report.

## II. Timeliness Under the Court's Scheduling Order

The Government does not deny that it failed to disclose all of these experts by the deadline established by the Court's Scheduling Order, but instead argues that tardy disclosure does not warrant the drastic remedy of exclusion of these witnesses. The Government turns to the factors generally used by courts in determining whether to impose sanctions for the Government's failure to comply with a discovery order: (1) the reasons the government delayed producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery order; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance. *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988). Even if the Government failed to comply, district courts have broad discretion in imposing sanctions on parties who violate discovery orders. *United States v. Gonzales*, 164 F.3d 1285, 1291 (10th Cir. 1999).

The Government contends that under the *Wicker* factors, exclusion of these lately disclosed witnesses is not warranted. First, the Government explains that its untimely addition of the expert witnesses was not the result of bad faith but rather a direct result of new trial counsel performing a fresh assessment of the evidence. Second, there is no prejudice to Defendants in the later disclosure because the additional experts were noticed over seven months prior to trial. *See, e.g.,* Doc. 157 (Notice of Jury Selection/Trial). The third *Wicker* factor allows the Court to cure

9

any prejudice with a continuance, and by extending deadlines in order to allow Defendants to file *Daubert* motions.

Defendants claim that they *are* prejudiced as a result of the Government's untimely and deficient expert notices because without adequate information, they will not be able to adequately prepare to cross-examine the witnesses or raise pretrial *Daubert* challenges, nor will they be able to to locate and hire an expert who can assist the defense in challenging the proposed testimony. Defendants are also skeptical of the Government's explanation that late disclosure was due in part to appointment of new trial counsel, and urge the Court not to bend to "the capricious whims that result from a change of counsel." Doc. 186 at 6. Finally, Defendants argue that a continuance is inadequate as a remedy in light of the Government's "repeated violations" (Doc. 186 at 6) and their right to speedy trial as they are presently incarcerated.

The Court acknowledges that there was a delay of about two months in providing Notices as to six of the Rule 16 witnesses; agrees with the Government that exclusion of these witnesses is not warranted; and disagrees with Defendants regarding the prejudicial impact of the delay, for several reasons. First, this case was declared complex ten months ago on July 3, 2017 (Doc. 62), which in itself envisions delays of this kind. There are multiple defendants, multiple defense counsel and multiple charges, and the expectation that this case would not involve legitimate requests for continuances is just not reasonable. Second, notwithstanding the delay in the additional disclosures, the disclosures were not made on the eve of trial, but seven months prior to trial. This is not the kind of time frame that sandbags defense counsel and so Defendants cannot be considered to be prejudiced.

Third, the Court does not view the Government's addition of new witnesses resulting from a change in counsel for the prosecution in this case as a "capricious whim" as defense

10

counsel suggests. Former counsel for the Government was replaced on December 4, 2017. The Government then wasted little time filing a new Rule 16 disclosure for six additional witnesses on January 3, 2018 (Doc. 136), which is one month after present counsel took over the case. The Court considers this delay to be reasonable given the complexity of this case and number of Defendants. The Government could have, and probably should have, filed a motion to amend the scheduling order to cover this delay, but the Court finds no bad faith on the Government's part either in the Government's failure to do so or in its late disclosure of additional Rule 16 witnesses. Exclusion of these witnesses is therefore unwarranted under the *Wicker* factors and unnecessarily heavy-handed in these circumstances. *See Taylor v. Illinois*, 484 U.S. 400, 412 (1988) (sanction of total exclusion is too severe and hinders, rather than forwards, the "public interest in a full and truthful disclosure of critical facts"); *Herring v. United States*, 555 U.S. 135, 140 (2009) (exclusion "'has always been our last resort, not our first impulse'") (quoting *Hudson v. Michigan*, 547 U.S. 586, 591 (2006)).

Defendants characterize the granting of a continuance to be prejudicial in itself in that it burdens their right to a speedy trial because they are currently incarcerated, but there is no merit to this claim. Defendants are reminded that the need for continuances is envisioned in the federal statutes and ironically enough, defense counsel himself has availed himself of continuances in this case. *See, e.g.,* Doc. 114 (requesting 60-day extension within which to file Rule 16 motions and defense expert witness reports); *see also* 18 USC 3161(a) (7)(A) (excluding from computation any delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the Government).

There have already been two scheduling orders entered in this case. *See* Docs. 65 and 172 (Scheduling Order and First Amended Scheduling Order). Jury selection/trial in this case is

set for August 13, 2018. *See e.g.,* Doc. 86, 157, 172. **Parties are hereby ordered to confer regarding (1) modifications to the Scheduling Order which would allow Defendants sufficient time to address the additional witnesses named in the late Notice; and (2) a continuance of the August 13, 2018 trial setting. Parties shall then submit to the Court a draft amended Scheduling Order and request for continuance as appropriate within thirty (30) days of the entry of this Order.**

## CONCLUSION

In sum, the Court finds and concludes that the Government's Notices comply with Rule 16's requirements except that the Government shall: (1) provide Defendants with additional information regarding the nature of Mr. Stuart's opinion is expected to be; and (2) additional information as to the nature of Ms. Cordova's opinions on receipt of the SANE report.

The Court further finds and concludes that the delay in filing additional witness notices does not warrant sanctions under the *Wicker* factors against the Government; that Defendants have not been prejudiced by the delay; and that a continuance would cure any assumed prejudice.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Exclude Government's Expert Witnesses **(Doc. 173)**, is hereby GRANTED in that the Government shall: (1) provide Defendants with additional information regarding the nature of Mr. Stuart's opinion is expected to be as soon as possible; and (2) additional information as to the nature of Ms. Cordova's opinions on receipt of the SANE report; the motion is otherwise DENIED;

**IT IS FURTHER ORDERED** that parties are hereby ordered to confer regarding (1) modifications to the Scheduling Order (Doc. 172) which would allow Defendants sufficient time to address the additional witnesses named in the late Notice; and (2) a continuance of the August

13, 2018 trial setting in order to accommodate the modifications in the proposed scheduling order. Parties shall then submit to the Court a stipulated draft amended Scheduling Order and request for continuance as appropriate within thirty (30) days of the entry of this Order.

                                                CHIEF UNITED STATES DISTRICT JUDGE