IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                              No. 1:17-cr-01235-WJ

CORNELIUS GALLOWAY, et al.,

     Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS

THIS MATTER comes before the Court upon Defendant Cornelius Galloway's Motion for Bill of Particulars filed on April 20, 2018 **(Doc. 212)**. Defendant Danielle Galloway joins in the motion. Doc. 213. Defendants in this case are charged with crimes related to alleged involvement in a commercial sex trafficking ring referred to by the Government as the "Galloway Organization." Having reviewed the parties' briefs and applicable law, the Court finds that Defendant's motion is not well-taken and, therefore, is denied.

## BACKGROUND

In this motion, Defendant moves the Court to order the Government to file a bill of particulars that sets forth in detail what evidence it relies on concerning "overt acts" (c), (d) and (f) of Count 1 of the Second Superseding Indictment (Doc. 103, "Indictment"), which charges Defendant with one count of conspiracy to commit human trafficking.

## DISCUSSION

The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense. *U.S. v. Ivy*, 83 F.3d 1266, 1281

(10th Cir. 1996); *U.S. v. Torres,* 901 F.2d 205, 234 (2d Cir.1990). Fed.R.Crim.P. 7(f) describes an indictment as "a plain, concise, and definite written statement of the essential facts constituting the offense charged. . . ." A bill of particulars is not necessary if the indictment "sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial." *Ivy,* 83 F.3d at 1281. Significantly, a defendant "is not entitled to notice of all of the *evidence* the government intends to produce, but only the *theory* of the government's case," *id.* (internal quotation marks omitted), for a bill of particulars "is not a discovery device." *U.S. v. Dunn,* 841 F.2d 1026, 1029 (10th Cir.1988) (emphasis in original). *U.S. v. Tyler*, 42 F. App'x 186, 190 (10th Cir. 2002); *U.S. v. Anderson,* 799 F.2d 1438, 1441-42 (11th Cir. 1986) (a bill of particulars may not be used merely as a discovery device).

Courts have "always had very broad discretion" in whether to grant requests for such bills. *Will v. U.S.,* 389 U.S. 90, 100-102 (1967). However, a defendant "possesses no right to a bill of particulars and the decision on the motion lies within the discretion of the [trial] court." *Id.* at 100-102.

It has been noted that few concrete standards have been developed in making a Rule 7(f) determination. *See U.S. v. Rogers,* 617 F.Supp. 1024, 1026-27 (D.Colo. 1985). However, the Court finds some guidance in using the following factors used by some courts, such as: (1) he clarity of the indictment, (2) the degree of discovery available to the defendant, and (3) the complexity of the charges. *Id.*

Defendant requests a bill of particulars solely as to the overt acts (c), (d) and (f) which are alleged in Count 1 of the Indictment:

> c. On or about January 15, 2017, ADRIAN BROWN murdered D.Y. during a botched robbery planned by CORNELIUS GALLOWAY; D.Y.'s activities ran contrary to the objectives of the Galloway Organization and of the conspiracy;

> d. On or about January 15, 2017, ADRIAN BROWN murdered T.S. at the direction of CORNELIUS GALLOWAY because T.S. had become a liability to Galloway Organization and to the conspiracy;

> f. On or about April 26 and 27, 2017, MATTHEW WOODS, attempted to force A.R. into prostitution through violence and threats of violence.

Defendant claims that the indictment does not inform him "with sufficient precision to allow him to prepare a defense" or "to minimize surprise at trial."

I. **Clarity of Indictment**

    A.    <u>Overt Act (c)</u>

For overt act (c), Defendant contends that it is unclear whether the Government is alleging that D.Y. was murdered due to his contrarian activities or due to the botched robbery. Defendant argues that if the Government's entire basis for alleging overt act (c) is that D.Y. was murdered because he was a black male attempting to steal the prostitutes who worked for Mr. Galloway, then no bill of particulars is necessary. However, Defendant claims he would unfairly surprised at trial if the Government's theory is that D.Y was murdered during a botched robbery planned by Mr. Galloway, since the defense has not received any discovery supporting this theory.

The Government explains that overt act (c) describes specifically what was done (D.Y. was murdered in a botched robbery) and the motive (because D.Y's activities ran contrary to the objectives of the Galloway Organization and the conspiracy). Defendant chooses to interpret the language in overt act (c) another way, where the motive for the murder was *either* a botched robbery *or* Defendant's "contrarian activities." Whether Defendant is simply mis-reading the language in overt act (c) or whether he is trying to flush out whether his theory of what these "contrarian activities" might be (as the Government believes he is doing), additional information

is not necessary to ensure that Defendant will be able to prepare a defense. Defendant's request is denied for overt act (c).

B. Overt Act (d)

Defendant contends that overt act (d) is "impossibly vague" with regard to the claimed motive for the murder of T.S. (". . . because T.S. had become a liability to Galloway Organization . . . ."), and that Defendant has seen nothing in the discovery production relating to these allegations.

The Government contends that nothing more needs to be provided here in that the meaning of "liability" is plain, and common sense would allow anyone to conclude that being a liability also provides a motive to be murdered by the people to whom you are a liability. Defendant insists that the charging document should include some information as to "how" the Government intends to prove that murdering T.S. furthers a sex trafficking enterprise and "why" T.S. was a "liability" to the Galloway Organization. What Defendant is actually requesting is information on the evidence the Government plans to use in order to prove these matters. A bill of particulars is not a substitute for notice of all the evidence the Government intends to produce. *See U.S. v. Welch*, 198 F.R.D. 545, 549 (C.D. Utah 2001). While such information would undoubtedly be helpful for Defendant to have, the current language in overt act (d) provides enough information to allow Defendant to prepare his defense and avoid surprise at trial. *U.S. v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996); *U.S. v. Torres,* 901 F.2d 205, 234 (2d Cir.1990).

Defendant's request is denied as to overt act(d).

C. Overt Act (f)

Defendant also seeks clarification for overt act (f) as to how Mr. Wood's alleged attempt to force A.R. into prostitution was in furtherance of the objectives of the Galloway Organization.

Defendant contends that if the Government's theory is that Mr. Woods was acting on behalf of Mr. Galloway or the other co-defendants, then the Government needs to allege this and indicate where the evidence lies in the thousands of pages of discovery produced thus far. Defendant points out that the sheer volume of discovery material does not necessarily obviate the need for a bill of particulars. *U.S. v. Mahaffy*, 446 F.Supp.2d 115, 120 (E.D.N.Y.2006) (stating that "a large volume of discovery warrants a bill of particulars if it obfuscates the allegedly unlawful conduct and unfairly inhibits the defendant's preparation for trial.").

There is no need to provide Defendant with more information for this overt act, either. Mr. Woods is described as a co-conspirator at the beginning of the indictment. As the Government points out, the actions as alleged in overt act (f) provides the basis for Count 7, but with more specificity, and overt act (f) mirrors the elements of the sex trafficking statute, with which Defendant is charged. The acts allegedly imputed to Mr. Woods (forcing a victim into prostitution through the use of violence and threats) clearly further the objective of a sex trafficking organization. This describes Mr. Woods' role in the conspiracy sufficiently to allow Defendant to prepare a defense.

### D. <u>Elements of Conspiracy Charge</u>

Defendant claims that the Indictment is silent regarding the agreement the Defendants made in order to commit sex trafficking, how they are alleged to have depended on each other, and the specific hierarchy of the organization. Defendant seeks particulars to "facilitate understanding" of the Government's theory as to elements of interdependence and agreements in the charged conspiracy offense. Doc. 212 at 8.

The Government is not required to prove "exactly "when or how a conspiracy was formed or when a particular defendant joined the scheme . . . ." *U.S. v. Bin Laden*, 92 F. Supp. 2d

225, 242 (S.D.N.Y. 2000), *aff'd sub* nom. *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93 (2d Cir. 2008) (citing *U.S. v. Politi,* 334 F.Supp. 1318 (S.D.N.Y.), *aff'd,* 516 F.2d 897 (2d Cir.1975) (internal citation omitted)). A court may deny of bill of particulars if an indictment sets forth the "elements" of the offense charged and apprizes the defendant of the charges sufficient to enable him to prepare for trial, the court may deny a bill of particulars. *U.S. v. Welch*, 198 F.R.D. 545, 548 (D. Utah 2001) (citing *U.S. v. Higgins,* 2 F.3d 1094, 1096 (10th Cir., 1993). The Government has done what is required here in setting forth the elements of conspiracy:

> Beginning on or about October 2016 and continuing to on or about May 9, 2017 . . . [Defendants] unlawfully, knowingly and intentionally combined, conspired, confederated, a greed and acted interdependently with each other to commit an offense against the United States, specifically, Sex Trafficking by Means of Force, Threats, Fraud, and Coercion, as those terms are defined in 18 U.S.C. §1591 . . . in violation of 18 U.S.C. §371.

Doc. 103 at 2-3. Nothing more is necessary to inform Defendant with sufficient precision to allow him to prepare a defense or to "minimize surprise at trial." The Government may be in possession of additional information, but it is not required to provide more that it has already done. That being said, the Court notes that the Government *did* provide additional information that it was not required to provide in the Indictment. For example, the overt acts in the Indictment do describe how the co-conspirators depended on each other:

- Cornelius Galloway planned the botched robbery culminating in the murder of D.Y., and Adrian Brown murdered D.Y. during the botched robbery planned by Cornelius Galloway. [This constitutes a statement of interdependence is contained in overt act (c)];

    and

- Cornelius Galloway ordered T.S. murdered, and Adrian Brown then committed that murder. [This constitutes a statement of interdependence in overt act (d)].

Based on the above findings, the Indictment meets the first guiding factor in weighing against a bill of particulars.

## II. Degree of Discovery Available

Since the time this motion was filed, the Government has turned over to Defendant thousands of documents of discovery material. *See, e.g.,* Doc. 211 (Mem. Opin. & Order regarding disclosure of *Brady-Giglio* materials). Defendant contends that despite all the discovery produced, the relevance of the two state murder cases (the murders of D.Y. and T.S) have to this federal case. The Government views Defendant's request as an attempt to know how the Government will use its evidence to prove the charges, which risks forcing the Government to narrow its legal theory or the scope of evidence it will be able to use. Defendant objects to the Government's concern, claiming that this shows that the Government is intending to "keep the defense in the dark" and to "surprise Mr. Galloway at trial." Doc. 217 at 1.

The Court does not share Defendant's conviction on this point. A bill of particulars is not a tool for compelling the Government to disclose evidentiary details or to explain the legal theories upon which it intends to rely at trial. *Rogers,* 617 F.Supp. at 1027. The Court is well aware of that a defendant's due process rights are paramount. Nevertheless, in determining whether a defendant should be provided particulars, the court must balance the "probability of prejudicial surprise or inadequate opportunities for defense preparation" against the Government's "general right to prevent disclosure of its evidence and legal theories." *Id.* A defendant is entitled to have sufficient information to avoid prejudice at trial and to be able to prepare a defense, but it not entitled to information which will advise him as to *how* the Government's evidence may be stacking up against him.

The total volume of production to Defendant is now upwards of 300,000 pages. While the volume of discovery material may, in certain specific instances, require that additional information be provided to a defendant, *see Bin Laden,* 92 F.Supp.2d 225, such circumstances do not exist here.[1] In this case, the "dump truck discovery productions" (as described by Defendant) cannot be blamed for any purported lack of clarity in the Indictment for the simple reason that the Indictment, specifically overt acts (c), (d) and (f) includes adequate information to allow Defendant to prepare his defense. If the discovery "dump" contains information that might shed some light on how the Government's evidence will be used against Defendant, then it will be defense counsel's burden to sift through it. *Welch*, 198 F.R.D. at 549 (A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation).[2]

### III. Complexity of the Charges

Defendant contends that the complexity of this case weighs in favor of granting the motion, focusing on the fact that the indictment incorporates two counts of murder within the framework of the charging document.

This case has been declared complex, *see* Doc. 62, but the Court agrees with the Government in that it is not an overly complex case. A large part of the complexity is due to the multiple defendants, rather than to any substantive complexity in the charges or the law. The indictment itself contains seven charges and alleges who is being charged, the relevant time

---

[1] The *Bin Laden* case is "of a different dimension," as has been noted by the District of Utah, *see Welch*, 198 F.R.D. at 549. Defendant cannot use the case as support for the position that where discovery is voluminous, a bill of particulars must follow. First, the *Bin Laden* case is not precedent and second, even that case recognizes that the focus must be "on the details of a particular case . . . ." *Bin Laden,* 92 F. Supp. 2d at 242.

[2] The Court has appointed a Coordinating Discovery Attorney to assist counsel in organizing the material. Doc. 200. The amount of discovery produced was a consideration in taking this step, but the main reason for the appointment was because the electronic nature of discovery production posed problems for defense counsel's ability to access and utilize the material produced.

period and the overt acts done by specific individuals who are allegedly involved in the conspiracy. The notion of having to hold "two murder trials in the midst of a sex trafficking trial" (this notion is advanced by Defendant) is not going to happen: Defendant is not charged with murder, and so none of the elements of murder need be proved at trial.

This last factor also weighs against granting Defendant's motion.

The Court has considered several factors as guidance in determining whether to grant Defendant's motion, finds it is not well-taken and therefore DENIES the motion.

**THEREFORE,**

**IT IS ORDERED** that Defendant Cornelius Galloway's Motion for Bill of Particulars **(Doc. 212)** is hereby DENIED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE